LANNEN v. WORLAND et.

Ohio Supreme Court.

No. 20932

Decided June 6 1928.

Error to Lucas Appeals.

Judgment affirmed.

**569. GAMING & GAMBLING—1104 Statutes.**

1. Sections 5967, 5966 and 5969 GC., are related and inter-dependent.

2. Right, created by 5976 GC., does not accrue until six months after expenditure or incurring of obligation.

ROBINSON, J.

1. Sections 5967, 5966 and 5969, General Code, while originally enacted in two separate and distinct acts, are related and inter-dependent and will be construed with a view to harmonizing their several provisions and giving effect to all.

2. The right created by Section 5967, General Code, in favor of a dependent of a person expending money or incurring an obligation in or on account of a scheme of gambling does not accrue to such dependent until six months after such expenditure or incurring of an obligation.

Allen, Kinkade, Jones and Matthias, JJ., concur.

———

FOREMAN, Admrx. ete. v. MEDINA CO. NAT. BK.

Ohio Supreme Court.

No. 20927. Decided May 31, 1928.

Error to Medina Appeals.

Judgment affirmed.

**1271. WILLS AND LEGACIES—362a. Decedent's Estates—787. Mortgages.**

1. Where devisee or legatee, who is not child or other relative of testator, dies prior to testator, and will contains no residuary clause nor provision showing other intention, such legacy or devise lapses and property named therein becomes intestate property.

2. Where such property came from former deceased husband or wife, and testator dies without issue and there are no children or legal representatives of children of such deceased husband or wife, such property descends pursuant to 8577 GC.

3. General rule, that personal property must first be applied to payment of debt, applies to debt secured by mortgage on real estate.

DAY, J.

1. Where a devisee or legatee in a will dies prior to the testator, such devisee or legatee not being a child or other relative of the testator within the terms of Section 10581, General Code, and such will contains no residuary clause nor any provision showing any other intention of the testator, such legacy or devise lapses and such testator dies intestate as to such property named in such legacy or devise.

2. Where the property referred to in such lapsed legacy or devise came to the testator from a former deceased husband or wife, within the terms of Section 8577, General Code, and the testator dies without issue and there are no children or the legal representatives of children of such deceased husband or wife, such property descends pursuant to the provisions of Section 8577, General Code.

3. The general rule as to the order in which an intestate's property is liable for the payment of his debts is that the personal estate must first be applied and then the realty; and even though a debt is secured by mortgage on real estate, if it is the personal debt of the intestate it is to be paid primarily out of the personalty.

(Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

———

THOMAS v. BLACK.

Ohio Supreme Court.

No. 20820. Decided Apr. 8, 1928.

Error to Mahoning Appeals.

Judgment affirmed.

Syllabus by Editorial Staff.

**396. DIRECTED VERDICTS — 465. Error Proceedings.**

Where question at issue is one of fact to be determined by inferences to be drawn from evidence, and reversal by Court of Appeals would involve determination of weight and probative force of such inferences, judgment will be affirmed. Supreme Court not required to weigh evidence.

(Marshall, CJ., and Day, Allen,: Kinkade, Robinson and Jones, JJ., concur.)

For references to full opinion, see Omnibus Index, last page, this issue.

———

KUHN v. CAMPBELL.

Ohio Supreme Court.

No. 20838. Decided Apr. 4, 1928.

Error to Cuyahoga Appeals.

Judgment affirmed.

Syllabus by Editorial Staff.

**1063. SALES — 587. Guaranty — 480. Evidence.**

Statement, in auction sale catalogue, that horse "can trot a 2:15 gait" not a representation as to past performances but a guaranty that horse can trot gait mentioned at time of sale. Testimony relating to gait at time prior to sale, relevant but not conclusive.

(Marshall, CJ., and Day, Jones and Matthias, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.